UNIFIED CRIMINAL DOCKET

LOCATION: PORTLAND

DOCKET NO. CUMCD-CR-09-6667

PB - CUM - 12/17/2009

STATE

VS.                                                    DECISION & ORDER

JENNIFER FASULO

Defendant is charged with fishing without a license in violation of 12 M.R.S. §12501(1), a Class E misdemeanor. She has filed a Motion to Dismiss prosecution as a *de minimis* infraction pursuant to 17-A M.R.S. §12. A hearing was held on December 15, 2009.

## FACTS

The defendant is a 21-year-old female. She attends Andover College and is enrolled in the Legal Assistant Program. She has no criminal record. She is mature, responsible, and trustworthy. Her testimony, and that of a witness who is not related to her but has known her for quite some time, are entirely credible.

On July 11, 2009 defendant's boyfriend took her for a boat ride on Long Lake, Maine. She is a "city girl" who had never been fishing before that day. Her boyfriend said he wanted to teach her how to fish. He said she should first practice casting into the water. Her boyfriend cast 3-5 times without bait on the hook to show her how to do it.

She also cast 3-5 times without bait on the hook. They did not catch any fish. The defendant's boyfriend knew that they needed fishing licenses to fish, but the defendant did not know that she needed a license. A marine warden appeared and summonsed each of them for fishing without a license. The boyfriend has not actually been charged by complaint and there is no case currently pending against him. The defendant purchased a fishing license 12 days after receiving her summons.

## LEGAL ANALYSIS

17-A M.R.S. § 12 reads as follows:

**§12. De minimis infractions**
1. The court may dismiss a prosecution if, upon notice to or motion of the prosecutor and opportunity to be heard, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds the defendant's conduct:
A. Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the crime; or
B. Did not actually cause or threaten the harm sought to be prevented by the law defining the crime or did so only to an extent too trivial to warrant the condemnation of conviction; or
C. Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in defining the crime.
2. The court shall not dismiss a prosecution under this section without filing a written statement of its reasons.

In *State v. Kargar*, 679 A.2d 81 (Me. 1996), the Law Court explained at length why the trial court in that case erroneously failed to dismiss a prosecution as a *de mininis* infraction. In its decision the Court noted that the statute is based on the Model Penal Code, which "suggest[s] that courts should have the 'power to discharge without conviction, persons who have committed acts which, though amounting in law to crimes, do not under the circumstances involve any moral turpitude.' Model Penal Code § 2.12 comment (1985)." *Id* at 84. The court quoted approvingly from a New Jersey court outlining the following factors to consider in a *de minimis* analysis:

> The background, experience and character of the
> defendant which may indicate whether he knew

2

or ought to have known of the illegality; the knowledge of the defendant of the consequences to be incurred upon violation of the statute; the circumstances concerning the offense; the resulting harm or evil, if any, caused or threatened by the infraction; the probable impact of the violation upon the community; the seriousness of the infraction in terms of punishment, bearing in mind that punishment can be suspended; mitigating circumstances as to the offender; possible improper motives of the complainant or prosecutor; and any other data which may reveal the nature and degree of the culpability in the offense committed by the defendant. (citations omitted) *Id* at 84.

There is absolutely no indication of improper motives by the prosecution. In fact, it can be characterized as a consistent and dispassionate approach to applying the law. There is also a concern that dismissing this prosecution as *de minimis* could create some risk of encouraging the assertion by defendants of innumerable exceptions that might threaten nullification of the relevant statute. Nevertheless, the Legislature has granted the court authority to apply its "broad discretion," not to condone conduct, but to determine "whether … past conduct under all the circumstances justifies criminal convictions." *State v. Kargar* at 83 and 85, note 5.

Applying the appropriate factors, the court finds that the defendant is a law abiding citizen who did not know the law, who had no intention of violating the law,[1] who understandably did not contemplate being branded as a criminal for her actions, who did not cause the harm to be prevented by the law (catching fish and not paying a license fee), and whose actions did not impact upon the community in any negative way. Thus, the court finds, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, that the defendant's actions did not actually cause or threaten

---

[1] Even if the statute defines a "strict liability" crime, defendant's benign motive and lack of *mens rea* mark her conduct as less offensive to public order and less in need of personal censure than crimes that require intentional, knowing, reckless, or criminally negligent behavior.

3

the harm sought to be prevented by the law defining the crime or did so only to an extent too trivial to warrant the condemnation of conviction. 17-A M.R.S. § 12(1)(B).

Therefore, it is ORDERED that the prosecution and complaint in Unified Criminal Docket, CUMCD-CR-09-6667 are hereby dismissed as *de minimis*.

Dated: 12/18/09

Judge, Unified Criminal Docket

4

STATE OF MAINE
  vs
JENNIFER N FASULO                                        Docket No  CUMCD-CR-2009-06667
33 ARROWWOOD COURT
SOUTH PORTLAND ME 04106                                  **DOCKET RECORD**

DOB: 12/08/1987
Attorney: ROBERT LEVINE                   State's Attorney: CHRISTINE THIBEAULT
          17 SOUTH STREET
          PORTLAND ME 04101
          RETAINED 07/16/2009

Filing Document: CRIMINAL COMPLAINT          Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 08/07/2009

## Charge(s)

1    FISH WITHOUT VALID LICENSE              07/11/2009 NAPLES
Seq 10446 12     12501(1)              Class E


## Docket Events:

08/21/2009 Charge(s): 1
         TRANSFER -  PERMANENT TRANSFER EDI ON 08/21/2009 @ 18:00

         TRANSFERRED CASE: SENDING COURT CASEID BRIDCCR200900573
         FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/07/2009

         Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 08/18/2009 @ 1:00

         NOTICE TO PARTIES/COUNSEL
         Charge(s): 1
         HEARING -  ARRAIGNMENT WAIVED ON 08/18/2009

         Party(s):  JENNIFER N FASULO
         ATTORNEY -  RETAINED ENTERED ON 07/16/2009

         Attorney:  ROBERT LEVINE
         Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 08/18/2009

         NOTE -  OTHER CASE NOTE ENTERED ON 08/18/2009

         HEARING SET FOR 11-12-09
         Charge(s): 1
         FINDING -  PERMANENT TRANSFER TRANSFERRED ON 08/21/2009
         CAROLYN  HELWIG , ASSOCIATE CLERK
         CUMCD
09/02/2009 Charge(s): 1
         TRANSFER -  TRANSFER FOR JURY TRIAL RECVD BY COURT ON 09/02/2009

         DOCKET RECEIVED FROM BRIDGTON DC 09-573
09/02/2009 Charge(s): 1

HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/12/2009 @ 10:30 in Room No. 7

09/02/2009 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 12/07/2009 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
09/09/2009 Charge(s): 1
TRIAL - JURY TRIAL NOTICE SENT ON 09/09/2009

09/09/2009 Charge(s): 1
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 10/26/2009

11/12/2009 Charge(s): 1
HEARING - DISPOSITIONAL CONFERENCE HELD ON 11/12/2009
JOYCE A WHEELER , JUSTICE
Attorney: ROBERT LEVINE
DA: MICHAEL MADIGAN
11/16/2009 Charge(s): 1
MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 11/12/2009

11/16/2009 Charge(s): 1
HEARING - MOTION TO DISMISS SCHEDULED FOR 12/01/2009 @ 1:00 in Room No. 7

NOTICE TO PARTIES/COUNSEL
11/16/2009 Charge(s): 1
HEARING - MOTION TO DISMISS NOTICE SENT ON 11/16/2009

11/20/2009 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 11/19/2009

DA: ROBERT LEVINE
JH
11/20/2009 MOTION - MOTION TO CONTINUE GRANTED ON 11/20/2009
JOYCE A WHEELER , JUSTICE
COPY TO PARTIES/COUNSEL
11/20/2009 Charge(s): 1
HEARING - MOTION TO DISMISS CONTINUED ON 11/20/2009

11/20/2009 Charge(s): 1
TRIAL - JURY TRIAL CONTINUED ON 11/20/2009

11/20/2009 HEARING - MOTION TO DISMISS SCHEDULED FOR 12/15/2009 @ 1:00 in Room No. 8

NOTICE TO PARTIES/COUNSEL
11/20/2009 HEARING - MOTION TO DISMISS NOTICE SENT ON 11/20/2009

JH
11/20/2009 TRIAL - JURY TRIAL SCHEDULED FOR 01/11/2010 @ 8:30 in Room No. 11

NOTICE TO PARTIES/COUNSEL
11/20/2009 TRIAL - JURY TRIAL NOTICE SENT ON 11/20/2009

JH
12/18/2009 HEARING - MOTION TO DISMISS HELD ON 12/15/2009

ROLAND  BEAUDOIN , JUDGE
TAPE 3549, 3554                                             DEFENSE EXHIBIT
#1, #2 MOA, WITNESSES HEARD                        MOTION TO DISMISS UNDER
ADVISEMENT

12/18/2009 Charge(s): 1
         MOTION -  MOTION TO DISMISS GRANTED ON 12/18/2009
         ROLAND  BEAUDOIN , JUDGE
         COPY TO PARTIES/COUNSEL

12/18/2009 Charge(s): 1
         FINDING -  DISMISSED BY COURT ENTERED BY COURT ON 12/18/2009


12/18/2009 TRIAL -  JURY TRIAL NOT HELD ON 12/18/2009


A TRUE COPY
ATTEST:  _____
                    Clerk